IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Stephen C Kapantais Jr.
    Plaintiff,

v.

The City of Salem, MA
    Defendant

Civil Action No. 2019-CV-

Pro Se

## COMPLAINT

COMES NOW the plaintiff, Stephen C Kapantais Jr., appearing pro se, and for a complaint against the defendant[s] above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

### GENERAL ALLEGATIONS

3. The plaintiff, Stephen C Kapantais Jr. is a citizen of the State of Massachusetts, United States of America.

4. Defendant, The City of Salem, own and at all times pertinent to the complaint have owned two parklets ( a parklet is a small seating area or green space created as a public amenity on or alongside a sidewalk, especially in a former roadside parking space), located at 60 Washington Street and 45 Lafayette Street, Salem, Massachusetts.

5. Plaintiff is an individual with disabilities that cause a mobility impairment. Stephen C Kapantais Jr. use a Service Animal and or a White Cane for mobility and suffers from extensive neuropathy. All Plaintiff wants is to sit, eat, rest, enjoy the defendants' parklets but the City's parklets are inaccessible to persons using white canes, service dogs, wheelchairs, or that require the use of ramp for changes in elevation.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

7. The Congressional statutory findings include:

    a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;

    b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;

    d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .

    e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section 12101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

    a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

9. The DOJ revised Tile II of the ADA stating the "On or after March 15, 2012, public entities must comply with the 2010 Standards in making architectural changes to achieve program accessibility and for all new construction and alterations. The DOJ added "On or after March 15, 2012, public entities must consider the supplemental requirements (such as swimming pools, play areas, and fishing piers) in the 2010 Standards to assess compliance with program accessibility.

10. Nevertheless, The City of Salem installed 2 parklets at 60 Washington Street and 45 Lafayette Street, Salem MA with several barriers that prevent persons using White Canes, Service Dogs, Wheelchairs or the need of a ramp from using this newly constructed public area. Photos and descriptions of barriers are provided in Exhibit A.

11. One of the most important parts of the Americans with Disabilities Act is Title II, Title II applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. 42 U.S.C. section 12131.

12. Congress included a "Public Entity" any local government covered by the Act. 42 U.S.C. section 12131.

13. Defendant's parklets located at 60 Washington Street and 45 Lafayette Street, Salem MA is a public space owned by the local government and is meant for public use.

14. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C.. section 12182(b)(2)(A)(iv).

15. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," 28 C.F.R.. section 36.304(a) - (c).

16. Other public entities with similar parklets to the defendant's have made similar modifications, like providing accessible pathway from sidewalk to parklet, with entrance slopes of less than 5 degrees, parklet surfaces that are firm and secure, parklet surfaces that are not tripping hazards, pathways that are unobstructed to seating, no overhead obstructions in pathway, what I ask here. Defendant could easily make its parklet accessible but has chosen not to comply with The Americans with Disabilities Act.

18. Plaintiff wants to sit, eat, rest, enjoy the defendants' parklets.

## FIRST CLAIM OF RELIEF

19. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, defendant was to have existing public parklets at 60 Washington Street and 45

Lafayette Street immediately removed until they are designed in manner that is accessible and compliant with current ADA Law. The current parklets are thrown together using segmented materials. Metal framed partitions, loose carpet, Umbrellas and tables and chairs. The most cost effective and quickest solution is to remove current parklets and return to the design phase so that they can be built and installed in agreement with ADA.

20. By failing to remove the architectural barriers where such removal is readily achievable, defendant discriminates against plaintiffs and violates the Americans with Disabilities Act.

WHEREFORE, the plaintiff, Stephen C Kapantais Jr, prays that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

*/s/ Stephen C Kapantais Jr.*

Stephen C Kapantais Jr.
23 A Wisteria Street
Salem, MA 01970
PRO SE

Dated: